FILED

2019 Jan-03  PM 02:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DERAR M. ABDALMAJID,<br><br>        Plaintiff,<br><br>vs.<br><br>TRANSUNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendants. | ) Case No.:<br>)<br>)<br>)<br>)<br>) COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Derar M. Abdalmajid (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.      Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4.     Plaintiff is a natural person who at all relevant times has resided in Birmingham, Alabama.

5.     Defendant TransUnion, LLC ("TransUnion") is a business entity that regularly conducts business in Florida with its principal place of business at 555 West Adams, Chicago, Illinois

60661. TransUnion is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6.      Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in Florida with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309.  Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(F) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

7.      Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Florida with its principal place of business as 475 Anton Boulevard, Costa Mesa, California 92626.  Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681a(F), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

8.      On a date better known by Defendants, Defendants allowed the credit reporting on Plaintiff's credit report from debt collector Amsher.

9.      On or about June 2018, the Amsher account was deleted on the credit reports of all three credit reporting agencies after disputes from Plaintiff.

10. Thereafter, on or about January 2017, each of the three credit bureaus reinserted the Amsher trade line on Plaintiff's credit report.

11. Prior to reinsertion, none of the credit reporting agencies informed Plaintiff that the trade line was to be reinserted, in violation of the FCRA.

12. Upon information and belief, Amsher did not provide a certification as to the debt's accuracy to any of the three credit reporting agencies, demonstrating further non-compliance with the FCRA.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE FAIR CREDIT REPORTING ACT**</u>
<u>**AS TO ALL DEFENDANTS**</u>

13. Plaintiff repeats the allegations contained in Paragraphs 1 through 12 and incorporates them as if specifically set forth at length herein.

14. Defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

15. Defendants negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b). This is evidenced by the fact that Defendants did not comply with any of the reinsertion requirements under the FCRA.

16. Defendants negligently and willfully failed to obtain a certification of accuracy from Amsher in violation of 15 U.S.C. § 1681i.

17. Defendants negligently and willfully failed to notify Plaintiff of the reinsertion in violation of 15 U.S.C. § 1681i.

18. As a direct and proximate cause of Defendants' failure to perform their duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

19. Defendants' conduct, action, and inaction were willful, rendering each liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grant Plaintiff a judgment against Defendants for the greater of statutory or actual damages plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

20. Plaintiff demands a jury trial on all issues so triable.

Dated this 9th day of January, 2019.

Respectfully Submitted,

/S/ Curtis R. Hussey, Esq.
Curtis R. Hussey (ASB 7684S57C)
**Hussey Law Firm, LLC**
10 N. Section Street, No. 122
Fairhope, AL
36532-1896
(P) (251) 928-1423
gulfcoastadr@gmail.com
Attorney for Plaintiff

4